UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BRANDON FROST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:16-CV-347-JRG-MCLC |
| | ) | |
| v. | ) | |
| | ) | |
| CO DARREL CROSBY | ) | |
| and BILL HENARD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Acting pro se, Brandon Frost brings this civil rights complaint[1] under 42 U.S.C. § 1983, presenting, as grounds for relief, allegations that he has been subjected to discrimination and racism while incarcerated [Doc. 1].

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996).

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

---

[1] The Complaint was filed in the Middle District of Tennessee (Nashville) on November 7, 2016. On November 8, 2016, Chief United States District Judge Kevin H. Sharp granted Plaintiff's motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and transferred the action to this Court [Doc. 3].

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Plaintiff filed his § 1983 claims against Defendants Darrel Crosby and Bill Henard in their official capacities [Doc. 1]. Plaintiff alleged that, while in restraints, Henard pulled Plaintiff's head back by his hair, stood on Plaintiff's ankle and punched Plaintiff in the ribs [*Id*. at 5]. At the same time, Crosby choked Plaintiff causing him to lose consciousness twice [*Id*.]. As Plaintiff was starting to lose consciousness a third time, Lt. Gallion ordered Crosby to stop [*Id*.].

At this point in the proceedings, the Court does not find the allegations concerning his alleged physical confrontation with Defendants to be frivolous or malicious and cannot say that

they do not state a claim which would entitle Plaintiff to relief under §1983. Thus, Plaintiff's allegations contained in his complaint, filed on November 7, 2016, may advance.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for each Defendant. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Finally, Plaintiff **SHALL** promptly notify the Court of any address changes and he is **ADVISED** that his failure to do so, within fourteen (14) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

                                              s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE