UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRANDON FROST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-347-JRG-MCLC |
| | ) |
| CO DARREL CROSBY | ) |
| and BILL HENARD, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

On October 10, 2017, Plaintiff in this pro se prisoner civil rights case, filed under 42 U.S.C. § 1983, was ordered to show cause, within fifteen (15) days, as to why the case should not be dismissed for failure to prosecute [Doc. 14 at 1]. Plaintiff was forewarned that failure to timely comply with the Court Order, "will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court" [*Id.*]. More than fifteen days have passed since the Order was issued, and Plaintiff has failed to show cause or otherwise respond to the Court's Order. The failure of a pro se party to timely respond to an order addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13.

Based on Plaintiff's failure to take any action with respect to this case for almost a full year, the Court finds that this action is subject to dismissal. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir.

1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Pursuant to Local Rule 83.13, it is the duty of a pro se party to monitor the progress of the case, and to prosecute or defend the action diligently. Although Plaintiff has demonstrated an ability in the past to respond to Court orders, he has taken no action with respect to this litigation since the end of 2016. He has failed to seek additional time to effect service or to make any further efforts to discover the whereabouts of unserved defendants. Plaintiff's actions (or rather, lack thereof) over the course of the past year demonstrates a willful or negligent abandonment of his efforts to prosecute this action. Accordingly, the Court finds that the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff

is proceeding *in forma pauperis* and therefore has no ability to pay a monetary fine. The Court does not believe that dismissal without prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance, and given the length of time that Plaintiff has remained inactive with respect to prosecuting this case. The Court thus concludes that, in total, the factors weigh in favor of dismissal pursuant to Rules 41(b).

Accordingly, for the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE